CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 15 2016

JULIA C. DUDLEY, CLERK
BY: HMcDonaed
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICKY KISER, | ) | Civil Action No. 7:16-cv-00129 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SWVRJA, | ) | By:  Hon. Jackson L. Kiser |
|     Defendant. | ) |       Senior United States District Judge |

Ricky Kiser, a Virginia inmate proceeding pro se, filed a civil rights action, naming the Southwest Virginia Regional Jail Authority ("SWVRJA") as the sole defendant. Plaintiff complains that jail policy prevents medical testing and treatment of his Hepatitis C ("HCV") infection and does not allow him to be a trusty because he takes seizure medications. The SWVRJA filed a motion to dismiss, and Plaintiff responded with a motion to amend the complaint. After reviewing the record, I grant the motion to amend pursuant to Rule 15 and deny the SWVRJA's motion to dismiss because, liberally construed, Plaintiff's allegations state plausible claims for relief. See, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

"[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Thus, the SWVRJA cannot be held vicariously liable under § 1983 for the acts of its employees. However, "[l]ocal governing bodies . . . can be sued directly . . . for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690. To prove that a governmental entity, such as a local jail authority, is liable for constitutional violations committed by its employees, a plaintiff must show that the entity's policy was the moving force of the constitutional violation. See, e.g., Polk Cnty. v. Dodson, 454

U.S. 312, 326 (1981). To survive a motion to dismiss, a plaintiff must plausibly allege (1) the existence of an official policy or custom, (2) that is fairly attributable to the municipal entity, and (3) proximately caused the underlying constitutional violation. See, e.g., Jordan ex rel. Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994). Municipal policy can be found in written ordinances and regulations, affirmative decisions of policymaking officials, or omissions by policymaking officials that manifest deliberate indifference to the rights of citizens. Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999).

First, Plaintiff alleges generally in the amended complaint, "I was denied trust[y] status for having a seizure disorder. They stated[,] 'Due to medical concerns for plaintiff's safety.'" Plaintiff included grievance responses from SWVRJA staff denying Plaintiff's request for consideration of being a trusty. Plaintiff referred to the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. ("ADA") in his grievance. Nonetheless, staff denied his request, stating, "You were denied for seizures," and, "You were denied for medical concerns for your safety...."

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices ... or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." Id. at § 12131(2). Title II of the ADA does apply to state prisons and their inmates. See, e.g., Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1988).

To state a claim under Title II of the ADA, Smith must show (1) that he is a qualified individual with a disability; (2) that he was denied participation in, or denied benefits of the services, programs or activities of the SWVRJA, or was otherwise discriminated against; and (3) the denial or discrimination was because of his disability. 42 U.S.C. § 12132. Here, Plaintiff explains that he suffers from seizures that are fully controlled by medication and that he was denied the chance to be a trusty because of his treated medical condition. Accordingly, the motion to dismiss must be denied for this claim.

Second, Plaintiff alleges that his HCV infections "can't be checked or treated due to SWVRJA Policymaking [and] [I] can't get help for it." Plaintiff informed jail staff how his private physician believed his HCV levels "had reached a dangerous level" and alleges that jail policy does not allow HCV testing despite his requests. Liberally construing the allegations, Plaintiff has alleged that the SWVRJA has a policy of refusing to monitor or treat his HCV, which is a serious medical need. See, e.g., Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). A policy to refuse testing or treatment for "dangerous" levels of HCV could expose Plaintiff to a substantial risk of serious harm. Consequently, the complaint plausibly suggests an Eighth Amendment claim of deliberate indifference to a serious medical need. See, e.g., Estelle v. Gamble, 429 U.S. 97, 104 (1976).

For the foregoing reasons, I grant Plaintiff's motion to amend and deny the motion to dismiss. Pursuant to Standing Order 2013-6, the SWVRJA shall file a motion for summary judgment within forty-five days.

ENTER: This 15th day of September, 2016.

Senior United States District Judge

3