CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 17 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RICKY KISER, | ) | Civil Action No. 7:16-cv-00129 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SWVRJA, | ) | By:  Hon. Jackson L. Kiser |
|    Defendant. | ) |      Senior United States District Judge |

Ricky Kiser, a Virginia prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming the Southwest Virginia Regional Jail Authority as the sole defendant. On October 31, 2016, the defendant filed a motion for summary judgment. On the next day, the Clerk issued a Notice that advised Plaintiff that a motion for summary judgment was filed on October 31, 2016, and that Plaintiff had twenty-one days from the Notice to file a response. The Notice further advised:

> If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their [sic] responsive pleading(s). · If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion . . . . <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute</u>.

Notice (ECF no. 31) (original emphasis).

Plaintiff did not respond to the Notice or the motion for summary judgment, and the Notice was not returned to the court as undeliverable. Pursuant to the Notice entered on November 1, 2016, I find that Plaintiff has failed to prosecute this case. Accordingly, the complaint is dismissed without prejudice for Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), and all pending motions are denied without prejudice as moot. See <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss <u>sua sponte</u>

for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**ENTER**: This 17th day of January, 2017.

                                                                Senior United States District Judge